270 So.2d 684

**Mitchell WRIGHT**

v.

**STATE.**

8 Div. 153.

Court of Criminal Appeals of Alabama.

Oct. 31, 1972.

Rehearing Denied Dec. 5, 1972.

Thomas & Proctor, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

The indictment charged the appellant with the offense of murder in the first degree to which he pled not guilty.

Testimony at the trial showed the facts to be as follows:

Bertha McAllister testified on the trial of this case, that she was the wife of Charlie Lee McAllister, deceased; that she and her husband ran a store between Stevenson and Fackler in Jackson County, Al-

abama; that on August 18, 1969, at approximately 8:00 P.M., she saw the appellant drive up to the store and park, but she did not see anyone with him; that at the time, her husband was sitting on the front porch of the store, and she was in the store, standing behind the counter; that she heard the appellant say, "Mr. Charlie, what did James do to you over here today?", and her husband replied, "I don't know who you are talking about"; that she heard the appellant tell James Ballard to get out of the car; that appellant went back to the car and passed out of her sight; that she then saw her husband get up and reach in his pocket and get out a .22 pistol; subsequently, she heard two shotgun shots, and when she came out of the store, found her husband dead. She further testified that she did not see who fired the gun, nor did she see the appellant with a shotgun in his hand.

Vann Pruitt, Jr., the State Toxicologist, testified that he examined the body of Charlie McAllister, and the death was caused by a shotgun wound.

M. M. Robertson, an investigator in the Sheriff's Department of Jackson County, Alabama, testified that he went to the scene of the killing on August 18, 1969, and Charlie McAllister was dead when he arrived. He made some pictures of the body, which were introduced into evidence. He testified that he found a loaded pistol next to the body, but it had not been fired. Robertson stated that he also found two shotgun shells on the premises, but did not find a shotgun.

W. R. Collins, Sheriff of Jackson County, stated he could not locate appellant on August 18, 1969, but later appellant was found in Detroit, Michigan, and brought back to Jackson County on November 21, 1970.

Freddie Lamar Henry, a seventeen year old cousin of appellant, testified that he, Pete (James) Ballard, and the appellant got together at Pete's house around dusk of the day of the shooting; that they were going to "Jack's," on the other side of Charlie McAllister's store; that he asked appellant to stop at the store for some chewing gum; that he and appellant got out of the car and went up to Charlie McAllister, who was sitting on the porch; that appellant and McAllister began having a conversation, and appellant asked McAllister what he and Pete got into it about; that McAllister replied, "I will shoot your black ass;" that McAllister raised up from his chair and pulled a gun from his pocket, and appellant started backing off; that when he saw appellant backing off, he jumped off the porch and started running. Previously, he had stated that while riding down the road, he had noticed a shotgun in the back seat of the car. He further stated that he heard one or two shots while running away from the scene, but he never saw appellant with the shotgun.

James Ballard testified that he rode to McAllister's store with the appellant on the day of the shooting; that he heard the statement, "I will shoot your black ass;" that he saw Charlie McAllister reach in his pocket, and at this time, he started running. He testified that he did not see a shotgun, but he did hear two shots while he was running. He commented that the shots sounded as if they went off at the same time, one louder than the other.

The appellant offered no testimony on his behalf.

The jury found defendant guilty of murder in the second degree and fixed his punishment at twenty-seven years in the state penitentiary. Appellant filed a motion for a new trial, which was denied.

The sole contention was that no malice was shown. We disagree and on authority of Grace v. State, 48 Ala.App. 507, 266 So.2d 310, cert. denied 289 Ala. 744, 266 So.2d 316, the judgment below is affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.